UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JOVAN WILLIAMS,

                Plaintiff,

v.                                                        Case No. 20-cv-1197-bhl

GWENDOLYN VICK, et al.,

                Defendants.

─────────────────────────────────────────────

## DECISION AND ORDER

─────────────────────────────────────────────

       On October 1, 2020, the Court screened pro se plaintiff Jovan Williams' amended complaint and allowed him to proceed, in part, on Eighth Amendment claims against three John Doe Defendants—a sergeant, a security supervisor, and an officer. Williams' claims against the Does were based on his allegations that the sergeant and security supervisor failed to respond to Defendant Twynna Berkley's radio call about Williams swallowing pills and that the officer instructed Berkley to walk away from Williams' cell after he had swallowed the pills. Dkt. No. 11 at 5-6.

       On December 1, 2020, the Court entered a scheduling order requiring Williams to identify the Does (or explain why he was unable to) by February 19, 2021. Dkt. No. 20 at 2. The Court warned Williams that, if he failed to do so, the Court may dismiss the Does. A couple of weeks after the deadline, on March 3, 2021, Williams filed a motion to identify "the name of the John Doe defendant [as] Thomas O'Neill." Dkt. No. 21 at 1. Williams explains that he is litigating several cases, and he mixed up his deadlines. He also asserts that, because Defendants had sixty days to respond to his discovery requests, he only recently learned the name of the Doe. Williams

also filed a motion to extend the discovery deadline.  He asks for an additional 120 days to serve more discovery and identify the remaining Does.

The Court will excuse Williams missing the deadline, but it will deny his motion to identify one of the Does.  Williams was allowed to proceed on claims against *three* Doe defendants, and it is unclear to the Court which of the three is Thomas O'Neill.  At one point in his motion, Williams refers to the Doe he seeks to identify as "Officer O'Neill," but, before substituting O'Neill for the Doe officer, the Court will require Williams to confirm that O'Neill is the officer who allegedly instructed Berkley to walk away from Williams' cell after he swallowed pills.

The Court also will deny Williams' motion to extend the discovery deadline by 120 days.  Williams' claims are straightforward and he has personal knowledge of the facts underlying his claims, so the Court is not convinced that a lengthy discovery period is warranted.  Defendants are entitled to a timely resolution of the claims against them, and discovery does not close until the end of April.  Further, it should be rather easy to identify the remaining two Does, particularly if they are the security supervisor and the sergeant on duty that day.  Defendants are encouraged to help Williams with identifying these Defendants so this case can move forward.

The Court will extend the deadline by which Williams must identify the Does (including clarifying which Doe is O'Neill) to April 2, 2021.  If Williams does not identify them by the deadline, the Court will dismiss the claims against them.  If Williams identifies them by the deadline, the Court will adjust the case deadlines to ensure Williams has an opportunity for discovery.

**IT IS THEREFORE ORDERED** that Williams' motion to amend his complaint to identify the John Doe Defendant (Dkt. No. 21) and his motion for an extension of the discovery deadline (Dkt. No. 22) are **DENIED**.

2

Case 2:20-cv-01197-BHL   Filed 03/05/21   Page 2 of 3   Document 23

**IT IS FURTHER ORDERED** that Williams must identify the Doe Defendants by **April 2, 2021**. If Williams does not identify the Does by the deadline, the Court will dismiss Williams' claims against them.

Dated at Milwaukee, Wisconsin this 5th day of March, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge