UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

Plaintiff,

v.                                                              Case No. 20-cv-1197-bhl

GWENDOLYN VICK, et al.,

Defendants.

---

## DECISION AND ORDER

---

On October 1, 2020, the Court screened pro se plaintiff Jovan Williams' amended complaint and allowed him to proceed on Eighth Amendment claims against Defendants Gwendolyn Vick, Joshua Adderton, Twynna Berkley, and three John Doe Defendants—a sergeant, the security supervisor, and an officer. Williams' claims against the Does were based on his allegations that the sergeant and security supervisor failed to respond to Berkley's radio call about Williams swallowing pills and that the officer instructed Berkley to walk away from Williams' cell after he had swallowed the pills. Dkt. No. 11 at 5-6.

On December 1, 2020, the Court entered a scheduling order setting a discovery deadline of April 30, 2021 and a dispositive motion deadline of June 1, 2021. Dkt. No. 20. The Court also ordered Williams to identify the Does (or explain why he was unable to) by February 19, 2021. *Id.* at 2. The Court warned Williams that, if he failed to do so, the Court may dismiss the Does based on his failure to diligently prosecute his claims against them. A couple of weeks after the deadline, on March 3, 2021, Williams filed a motion to identify "the name of the John Doe defendant [as] Thomas O'Neill." Dkt. No. 21 at 1. A few days later, the Court denied Williams'

motion, explaining that it had allowed him to proceed against three Does and Williams had provided only one name without clarifying which of the three Does he was identifying. Dkt. No. 23. The Court extended Williams' deadline to identify the Does (including clarifying which Doe is O'Neill) to April 2, 2021. The Court again warned Williams that, if he did not identify the Does by the deadline, the Court would dismiss his claims against them.

The deadline to identify the Does passed, and Williams did not clarify which of the three Does is named Thomas O'Neil nor did he provide the names of the other two Does. On April 13, 2021, more than a week after the deadline to identify the Does, Williams filed a motion to extend the discovery deadline by ninety days. Dkt. No. 24. He explains he needs the extra time "to discover the John Doe's and Jane Doe's defendants & to complete discovery requests due to the defendants wait[] to the 60th day to respond to [his] discovery requests." *Id.*

The Court finds that Williams has not shown good cause for extending the deadline to identify the Does. As the Court noted in its March 5 order, discovering the names of the Does should have been relatively easy. Discovery has been open for more than four months, and Williams offers no explanation as to why that amount of time was insufficient for him to obtain discovery to learn their names. He notes that Defendants wait until the sixtieth day to respond to his requests (which the scheduling order permits them to do), but he does not explain how that had any bearing on his ability to timely identify the Does given that discovery has been open more than 130 days. The Court finds that Williams has not diligently pursued his claims against the Does, so the Court will dismiss his claims against them.

The Court will, however, extend the discovery deadline as to the named Defendants. The Court explained in its March 5 order that a lengthy discovery period does not appear to be warranted given that Williams' claims are straightforward and he has personal knowledge of the

2

Case 2:20-cv-01197-BHL   Filed 04/14/21   Page 2 of 3   Document 25

alleged events and his interactions with Defendants. Still, the Court will extend the discovery deadline by forty-five days. In addition, in a departure from the scheduling order, the Court will require the parties to respond to discovery requests served after this order within thirty days as required by Federal Rules of Civil Procedure 33 and 34. That means that the parties must serve their requests at least thirty days before the revised deadline to give the opposing party adequate time to respond by the close of discovery.

**THERFORE, IT IS ORDERED** that Williams' motion for extension of time (Dkt. No. 24) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Williams' claims against the John Doe Sergeant, the John Doe Security Specialist, and the John Doe Officer are **DISMISSED** based on Williams' failure to timely identify them as ordered by the Court and based on his failure to diligently pursue his claims against them.

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** to **June 14, 2021** and the dispositive motion deadline is **EXTENDED** to **July 14, 2021**.

**IT IS FURTHER ORDERED** that the parties must respond to discovery requests served after this order within thirty days as required by Federal Rules of Civil Procedure 33 and 34.

Dated at Milwaukee, Wisconsin this 14th day of April, 2021.

BY THE COURT:


s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge