UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN WILLIAMS,

    Plaintiff,

  v.              Case No. 20-cv-1197-bhl

GWENDOLYN VICK, et al.,

    Defendants.

## DECISION AND ORDER

  Plaintiff Jovan Williams is representing himself in this 42 U.S.C. §1983 case. He is proceeding on Eighth Amendment claims based on allegations that Defendants ignored his threats of self-harm. On August 27, 2021, Defendants filed a motion for summary judgment. Dkt. No. 35. That same day, the Court informed Williams that, under Civil L. R. 56(b)(2), his response materials were due within thirty days of service of the motion. Dkt. No. 37. The Court explained that, if Williams failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor. The Court also warned Williams that, under Civil L. R. 7(d), his failure to timely respond may be sufficient cause for the Court to grant the motion as a sanction for noncompliance with the local rules and the Court's order.

  On the day the deadline was set to expire, Williams filed a motion for an extension of time. Dkt. No. 41. He explained he was in the restricted housing unit, making it difficult for him to access the law library. He also noted that he had to respond to summary judgment motions in three other cases. The Court granted the motion and extended Williams' response deadline to October

29, 2021. Dkt. No. 42. The Court again warned Williams that, if he did not timely respond to Defendants' motion, the Court would accept all facts asserted by Defendants as undisputed and may grant their motion as a sanction for Williams' failure to comply with the Court's order and the local rules.

The day before the revised deadline, Williams again filed a motion to extend his deadline to respond. Dkt. No. 44. This time, Williams asked for an additional fifteen days, explaining that he had run out of writing paper and needed to wait two weeks to get his canteen. He further noted that he was still in the restricted housing unit and so had limited access to legal resources. Although Williams asked for only an additional fifteen days, the Court extended his deadline by thirty days, until December 1, 2021. Dkt. No. 45. The Court again warned Williams of the consequence for failing to timely respond and informed him that it would not grant further extensions absent a showing of extraordinary circumstances.

When this latest deadline arrived, Williams filed yet another motion for an extension of time. Dkt. No. 46. He asked for a seven-day extension, or until December 6, 2021. Williams explained that he was waiting for Defendants to respond to a letter he had written requesting additional information. (He did not explain why he believed Defendants would provide him with information months after discovery had closed.) He stated that he was almost done writing his response and if he did not receive a response from Defendants by the end of the week, he would file his response materials without that information. He again stated that he was in restricted housing and had limited access to the law library. Finally, he noted that he was going to be transferred to a new institution.

The Court did not immediately rule on Williams' motion. Instead, on December 14, 2021, one week after the revised deadline proposed by Williams, the Court entered a show cause order

2

giving Williams until December 28, 2021, to explain why this case should not be dismissed as a sanction for his noncompliance with the Court's orders and the local rules regarding his deadline to respond to Defendants' motion for summary judgment. The Court informed Williams that, if he wanted to proceed with this case, his explanation must be accompanied by his materials in response to Defendants' summary judgment motion.

Rather than complying with the Court's show cause order, on December 27, 2021, Williams filed a motion for a further thirty-day extension of time. Dkt. No. 48. He states that he was designated a priority transfer on December 1, 2021 and has been transferred to Columbia Correctional Institution. He states that he is still in segregation and "was and currently is without [his] property, so [he is] not able to file no response to Defendants' summary judgment motion." *Id.*

Williams does not explain why this Court should not dismiss this action as a sanction for his failure to respond to Defendants' motion by the December 1 deadline, or even by his own proposed December 6 deadline. Williams' statements that he was designated for transfer to a different institution on December 1 and that he does not *and did not* have access to his legal materials because he is *and was* in segregation are at best misleading. According to the Department of Corrections' online inmate locator, Williams was transferred from Waupun Correctional Institution to Columbia on December 22, 2021, more than three weeks after his deadline to respond. In his December 1 motion, Williams asserted that his materials were nearly done and that he would file them by the end of the week, or by December 6, 2021. Accordingly, Williams had more than enough time to submit his materials for filing before his transfer. He failed to do so, apparently without reason.

3

Williams' vague statement that he was in segregation and without his legal materials is not credible. As he noted in each of his motions, he has been confined in the restricted housing unit since Defendants filed their summary judgment motion. Although Williams asserted that he had limited access to the law library, he never indicated that he was without his legal materials. Given his transfer to a new institution, the Court acknowledges that he may now be temporarily without his materials, but that does not explain why he did not file his materials by the deadline or immediately upon receiving the Court's show cause order, which he would have received about a week before his transfer.

Because Williams has failed to show good cause why this action should not be dismissed, the Court will deny his motion for an extension of time and will dismiss this action as a sanction for his persistent delay tactics and his failure to comply with the Court's orders and the local rules. *See* General L. R. 83(f) ("The Court may impose appropriate sanctions on any party or attorney who fails to comply with a Local Rule."); Civil L. R. 7(d) (failure to respond to a motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance); *see also Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) ("A court may use its inherent authority to sanction those who show willful disobedience of a court order, act in bad faith, vexatiously, wantonly, or for oppressive reasons, for fraud on the court, delay, disruption, or hampering enforcement of a court's order.") (internal quotation marks and citations omitted).

Finally, the Court has also reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, the Court concludes that Williams' alleged self-harm attempt was merely an effort to manipulate prison staff, Williams suffered no cognizable

4

harm as a result of his alleged self-harm attempt, and Williams falsified his allegations against Defendant Twynna Birkley. As a result, in addition to dismissing this action as a sanction for Williams' misconduct, the Court concludes that Defendants are entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** that Williams' motions for extensions of time (Dkt. Nos. 46, 48) are **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** as a sanction for Williams' failure to comply with the Court's orders and the local rules and because Defendants are entitled to summary judgment as a matter of law. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 3, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.